**UNITED STATES, Appellee,**

v.

**Private First Class Christine PORTER, aka Private First Class Christine Adkins, SSN 035–46–1901 United States Army, Appellant.**

**CM 440897.**

U. S. Army Court of Military Review.

7 Oct. 1981.

Major Raymond C. Ruppert, JAGC, Captain Joseph A. Russelburg, JAGC, and Captain Gunther O. Carrle, JAGC, were on the pleadings for the appellant.

---

Major John T. Edwards, JAGC, Captain Kenneth H. Clevenger, JAGC, and Captain John J. Park, Jr., JAGC, were on the pleadings for the appellee.

Before JONES, GARN and HANFT, Appellate Military Judges.

## OPINION OF THE COURT

HANFT, Judge:

In accordance with her pleas, Christine Porter was convicted of three specifications alleging possession of LSD and two specifications alleging sale of LSD. The situs of all offenses was Fort Carson, Colorado. The sentence imposed by the trial court included confinement at hard labor for eighteen months.

Following her conviction, Porter requested that the confinement portion of her sentence be deferred because she was some seven-and-one-half months pregnant. The convening authority at Fort Carson denied her request, and Porter was transferred to the United States Disciplinary Barracks at Fort Leavenworth, Kansas.

At Fort Leavenworth, Porter again requested deferment of confinement, and the staff judge advocate there advised the convening authority as follows:

> In my opinion, it would be in the best interest of both PFC Porter and the U.S. Army to approve the application for deferment for a period of three months based upon the forthcoming birth of her first child, due in about one month. The deferment should be allowed to run for a period long enough to cover delivery of the child and approximately two months thereafter. Due to the nature of PFC Porter's offenses, possession and sale of dangerous drugs, a condition should be imposed upon the approval of her request. She should not be allowed to reenter the state of Colorado during the period of deferment. PFC Porter's home of record is 106 High Street, Westerly, Rhode Island 62891. This is also her mother's address so she would have a home other than with her husband who is a serviceman presently stationed on Fort Carson, Colorado during her maternity episode.

The convening authority then granted the deferment for a period of three months on condition that Porter not enter the State of Colorado during the period of deferment. Citing paragraph 88f, *Manual for Courts-Martial*, 1969 (Revised edition), Porter now contends that the condition imposed was an unlawful limitation on her liberty. Not so. The obvious purpose of the imposed condition was to keep Porter away from the situs of her crimes. The condition was not intended as punishment and was well within a convening authority's broad discretion in imposing conditions on deferment of confinement. *Pearson v. Cox*, 10 M.J. 317 (C.M.A.1981).

The findings of guilty and the sentence are affirmed.

Senior Judge JONES and Judge GARN concur.